[Civ. No. 15462.   Second Dist., Div. One.   Dec. 23, 1946.]

WILLIAM L. BARBER, Plaintiff and Appellant, v. BERT-RUM FOXWORTHY, Defendant and Appellant; AMERICAN BUILDING MAINTENANCE COMPANY (a Partnership), Respondent.

Fred M. Riedman, Clock, Waestman & Clock and E. W. Sheridan for Plaintiff and Appellant.

Shibley, Wanzer & Litwin for Defendant and Appellant.

Crider, Runkle & Tilson for Respondent.

DORAN, J.—In a personal injury action, plaintiff recovered a judgment for $4,200 against defendant Foxworthy, it being also decreed that plaintiff take nothing from defendant American Building Maintenance Co., a partnership (sued as One Company, a corporation) by whom said defendant Foxworthy was employed.

This appeal is prosecuted by plaintiff Barber and defendant Foxworthy from that part of said judgment which exonerated the partnership from liability. It is here claimed that the evidence conclusively establishes the fact that, at the time of the accident, appellant Foxworthy was acting within the course and scope of his employment by respondent partnership, hence the court's finding to the contrary is erroneous as a matter of law.

The record discloses that at 7:30 p.m. of February 4, 1943, appellant Barber was operating a Good Humor ice cream truck easterly along the south side of 11th Street in the city of Long Beach; that he was hailed by a customer in the middle of the block between Hoffman and Walnut Streets and brought his truck to a stop approximately eighteen inches from the southerly curb of 11th Street and parallel thereto. The truck was painted white with a blue trim, the headlights conforming to the dim-out regulations then in effect, and the rear box of the truck was lighted on each side and on the rear with side lights which shone downward upon advertising signs. Appellant Barber alighted from the truck and was standing at the rear thereof waiting for his customer when appellant Foxworthy, driving his automobile in a westerly direction on the southerly side of 11th Street, collided with the left front end of the ice cream truck. The force of the collision propelled the truck backward striking appellant Barber, causing the injuries alleged. Appellant Foxworthy, the owner of the Plymouth car involved in the collision, was employed by respon-

dent American Building Maintenance Company, a janitorial and window cleaning service, with an office in Long Beach. At the time in question, there was a ladder on the top of Foxworthy's automobile attached to a mechanical carriage anchored thereto by rubber suction cups, and on the inside of the car was certain window cleaning equipment, all of which was owned by the respondent partnership and had been consigned to Foxworthy for use by said Foxworthy.

The facts as to Foxworthy's connection with the maintenance company are without dispute. Foxworthy testified as follows:

"I was living out on Gardena Street, just off of Anaheim.

"Q. Is that where you kept your truck and your equipment? A. I just left it right on the car.

"Q. And just before the accident——you say you had been to South Gate? A. Over in South Gate City Hall washing windows.

"Q. Did you finish that job? A. That is why I worked late.

"THE COURT: Where were you bound for? A. As I was coming home?

"THE COURT: You were going home? A. Yes, I was coming home.

"THE COURT: What time did you finish work? A. Oh, I would say approximately about 7:00 o'clock I finished up, approximately.

"Q. BY MR. RIEDMAN: Were you alone when you finished work, or was someone with you? A. Nobody was with me, I was alone.

"Q. You were alone? A. Yes.

"Q. This accident happened about what time? A. Oh, I would say about 7:45 or 8:00 o'clock.

"Q. Was that your custom when you finished a job to drive directly home? A. That's right.

"Q. And then the next morning you would start directly from home to your next job? A. No.

"Q. What did you do then? A. Go to my office first and see if there was any special orders there."

Foxworthy testified further,

"I picked up a sailor on Pacific, and the only reason I went to 11th was he says, 'I am going to get off on the corner of 11th and Walnut.' I said, 'I will drive you up there and let you off and I will go on around the block and go on home.'

He said, 'That's fine.' I left him off on the corner and turned the corner . . .'', and on cross-examination,

"Q. From the time you left the City Hall in South Gate until the accident happened did you have anything to drink? A. I had one bottle of beer at the Little Colingo on Atlantic. . . .

. . .

". . . The sailor said he wanted to get off on 11th Street. I said, 'All right, I will take you up there and go around the block and go right on home.' "

Thus the record reveals that Foxworthy picked up a passenger and it was incidental to the delivery of the passenger that the accident occurred; and at a point not along the route Foxworthy otherwise would have traveled.

The finding of the trial court, "That the defendant, Bertrum Foxworthy, was not at the time of said accident an employee of the American Building Maintenance Co., a partnership, and was not at the time of said accident, acting within the course of, or scope of, his employment.", is supported by the evidence.

Appellant's contention to the contrary lacks support in the record. For which reason, the judgment is affirmed.

White, J., concurred.

York, P. J., dissented.